IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| HALLMARK SPECIALTY INSURANCE COMPANY,<br><br>    *Plaintiff*,<br><br>v.<br><br>FRANK WINSTON CRUM INSURANCE, CANNON COCHRAN MANAGEMENT SERVICES, INC.,<br><br>    *Defendants*. | § § § § § § § § § § § § § | CIVIL ACTION NO. 1:22-CV-00579-MJT<br><br>JUDGE MICHAEL TRUNCALE |

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

On February 26, 2024, the Court referred Defendant Frank Winston Crum Insurance ("Frank Winston")'s *Motion to Dismiss* [Dkt. 29] to United States Magistrate Judge Zack Hawthorn for consideration and disposition. On March 15, 2024, Judge Hawthorn issued his Report and Recommendation, which recommends granting Frank Winston's Motion to Dismiss. [Dkt. 29]. On March 22, 2024, Plaintiff Hallmark Specialty Insurance Company ("Hallmark") filed Objections to the Magistrate Judge's Report and Recommendation. [Dkt. 41].

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). The Court has conducted a *de novo* review of Judge Hawthorn's Report and Recommendation and has carefully considered Hallmark's objections. Hallmark's objections essentially reassert the same arguments made in its Response to Frank Winston's Motion to Dismiss [Dkt. 31]. The Court finds that Judge Hawthorn's findings and conclusions of law are correct and that Hallmark's objections are without merit.

Additionally, Hallmark asks the Court for an opportunity to amend its pleading to address any factual insufficiencies. [Dkt. 41 at 4]. Hallmark asserted the same request in its Response to Frank Winston's Motion for Summary Judgment. [Dkt. 31 at 11]. FED. R. CIV. P. 15(a)(2) states that a district court should freely give leave to amend when justice so requires. "The language of this rule evinces a bias in favor of granting leave to amend and a district court must possess a substantial reason to deny a request." *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Com. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 944 (5th Cir. 2018) (internal quotations and alterations omitted). "A district court should examine five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id.*

Regarding the fifth element, the Fifth Circuit has noted that "[t]he liberal amendment rules . . . do not require that courts indulge in futile gestures. Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted." *United States ex rel. Jackson v. Univ. of N. Texas*, 673 F. App'x 384, 388 (5th Cir. 2016). "At some point a court must decide that a plaintiff has had a fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010).

Hallmark filed its original Complaint [Dkt. 1], an Amended Complaint [Dkt. 16], and a Second Amended Complaint [Dkt. 21]. Each complaint alleges the same exact causes of action. Hallmark has had three opportunities to sufficiently allege facts plausibly establishing its claims and has repeatedly failed to cure the deficiencies in its complaints. Hallmark fails to establish in its Response [Dkt. 31] or its Objections [Dkt. 41] why this conclusion would change if the Court

provided it a fourth chance to plead its claims.  In its Objections, Hallmark "asks the Court to allow it to amend the pleading to address any factual insufficiencies" because "[a]t its core, this case involves a bad acting insurance company that admitted it had a duty to defend, then failed to honor that admission by paying its fair share of defense costs."  [Dkt. 41 at 4].  Hallmark simply restates its main arguments in summary fashion and does not show the Court why it has not had a fair opportunity to plead its claims.

The Court finds that allowing Hallmark a fourth chance to plead its claims would be futile.  Accordingly, Hallmark's request for leave to amend its pleading is denied.  *See Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006) (holding that "Plaintiffs had three attempts to produce a sufficient complaint. The [district] court dismissed the complaint and denied leave to amend only after the third insufficient attempt"); *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 362 (5th Cir. 2002) (holding that the district court did not abuse its discretion in denying plaintiffs a third opportunity to sufficiently state a claim).

In conclusion, the Court finds that the findings of fact and conclusions of law of the United States Magistrate Judge are correct.  It is, therefore, ORDERED that Judge Hawthorn's Report and Recommendation Granting Defendant's Motion to Dismiss [Dkt. 39] is ADOPTED.  Accordingly, Defendant's Motion to Dismiss [Dkt. 29] is GRANTED and Plaintiff's unjust enrichment, promissory estoppel, negligent misrepresentation, and fraudulent misrepresentation claims are DISMISSED WITH PREJUDICE.  Plaintiff's request for an opportunity to replead its claims is DENIED.  The Court will enter a Final Judgment Separately.

**SIGNED this 28th day of March, 2024.**

Michael J. Truncale
United States District Judge