IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| HALLMARK SPECIALTY INSURANCE COMPANY, § § § *Plaintiff*, § § v. § § FRANK WINSTON CRUM INSURANCE, § CANNON COCHRAN MANAGEMENT § SERVICES, INC., § § *Defendants*. § § § | CIVIL ACTION NO. 1:22-CV-00579-MJT JUDGE MICHAEL TRUNCALE |

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

On February 26, 2024, the Court referred two motions to United States Magistrate Judge Zack Hawthorn for consideration and disposition: (1) Plaintiff Hallmark Specialty Insurance Company ("Hallmark")'s Motion for Summary Judgment [Dkt. 28]; and (2) Defendant Frank Winston Crum Insurance ("Frank Winston")'s Motion for Summary Judgment [Dkt. 30]. On March 15, 2024, Judge Hawthorn issued his Report and Recommendation, which recommends denying Hallmark's Motion for Summary Judgment and granting Frank Winston's Motion for Summary Judgment. [Dkt. 40]. On March 22, 2024, Plaintiff Hallmark Specialty Insurance Company ("Hallmark") filed Objections to the Magistrate Judge's Report and Recommendation. [Dkt. 42].

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). The Court has conducted a *de novo* review of Judge Hawthorn's Report and Recommendation and has

carefully considered Hallmark's objections.  The Court finds that Judge Hawthorn's findings and conclusions of law are correct and that Hallmark's objections are without merit.

Hallmark contends that Judge Hawthorn's analysis violated "three tenants of Texas law (1) the plain language in the policy must be applied according to its ordinary and usual meaning; (2) courts should not rewrite the policy; and (3) exclusions are to be narrowly construed in favor of the insured." [Dkt. 42 at 4].  The Court will consider each objection in turn.

First, according to Hallmark, "[t]he plain language of the endorsement excludes 'property damage' 'arising out of' claims or suits." [Dkt. 42 at 3].  Hallmark contends that Judge Hawthorn improperly rejected this interpretation "in favor of one that requires reading the policy in a manner that is distinctively different from the words on the page." *Id.*  Hallmark is incorrect.  The Court agrees with Judge Hawthorn's conclusion that the plain meaning of the exclusion supports the interpretation advocated by Frank Winston: "when a claim seeking contribution is made against an insured, and that claim arises out of property damage allegedly caused by that insured, the exclusion applies and the duty to defend is precluded." [Dkt. 40 at 18].  The Court also agrees with Judge Hawthorn's conclusion that "[u]nder Hallmark's interpretation of the language in the exclusion, the exclusion would virtually never apply." *Id.*  *See Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 258 (Tex. 2017) (per curiam) (noting that under Texas law, a court must "examine the entire agreement and seek to harmonize and give effect to all provisions so that none will be meaningless").  Accordingly, Hallmark's first objection is overruled.

Second, Hallmark contends that Judge Hawthorn improperly "rewrites the insurance contract trying to state what the insurance company intended to say, but did not" by adopting the following as the operative language of the exclusion: "[The policy does] not cover claims or lawsuits seeking contribution or contractual indemnity from the insured." [Dkt. 42 at 3].  Hallmark

is incorrect that Judge Hawthorn improperly rewrote the insurance contract. Judge Hawthorn properly ascertained the plain meaning of the language in the exclusion and reached the correct conclusion. Accordingly, Hallmark's second objection is overruled.

Third, Hallmark contends that Judge Hawthorn improperly interpreted the policy exclusion "broadly in favor of the insurance company rather than narrowly in favor of the insured as required by Texas law." [Dkt. 42 at 4]. Hallmark reasserts the same arguments made in its Motion for Summary Judgment [Dkt. 28] and its Response to Frank Winston's Motion for Summary Judgment [Dkt. 32]. Accordingly, Hallmark's third objection is overruled.

It is, therefore, ORDERED that Plaintiff's Objections to the Magistrate Judge's Report and Recommendation [Dkt. 42] are OVERRULED and Judge Hawthorn's Report and Recommendation granting Defendant's Motion for Summary Judgment [Dkt. 30] and denying Plaintiff's Motion for Summary Judgment [Dkt. 28] is ADOPTED.

Defendant's Motion for Summary Judgment [Dkt. 30] is GRANTED and Plaintiff's Motion for Summary Judgment [Dkt. 28] is DENIED. Accordingly, Plaintiff Hallmark Specialty Insurance Company's equitable contribution claim against Defendant Frank Winston Crum Insurance is DISMISSED WITH PREJUDICE. The Court will enter a Final Judgment separately.

**SIGNED this 28th day of March, 2024.**

Michael J. Truncale
United States District Judge